Ruffin, C. J.
 

 Notwithstanding the act of 1762, Rev. St. c. 13, s. 2, the action is maintainable for the principal and interest due on the order, although not protested for nonacceptance. In practice, inland bills have always been recovered on, to that extent, without a protest. Our statute is like those of 9 & 10 Will. 3, c. 17, and 3 & 4 Ann, c. 9, s. 4, from which it was probably taken. They all relate to damages and the costs of postage, brokerage, commission and the like — none of which can be recovered without protest. But it has long been held that the remedy given by those statutes is cumulative; and that, therefore, upon notice of non-acceptance or non-payment of an inland bill, a recovery may still be had at common law.
 
 Brough
 
 v
 
 Parking, 2
 
 Ld. Ray. 992.
 
 Harris
 
 v
 
 Benson, 2
 
 Strange 910.
 
 Windle
 
 v
 
 Andrews,
 
 2 Barn.
 
 &
 
 Ald. 696. Hence, in a declaration on an inland bill, it is not necessary to set out a protest, as it is in the case of a foreign bill. In the latter case the protest is part of the custom of merchants, on which the liability of the drawer arises; and therefore the fact must appear on the record. Were there nothing more in this case than the want of a protest, the plaintiff would be entitled to judgment.
 

 
 *137
 
 But we think he must fail for the want of diligence. We need not advert to the question, whether the bill was presented for acceptance in due time; for supposing it was, yet we think the notice to the defendant of non-acceptance was out of time, and for that reason he was discharged from liability on the bill. The plaintiff, by his agent, presented the bill on the 10th of of March, when the drawee denied the' debt to be due and refused to' accept. Moreover, it appears from the plaintiff’s letter that he had heard a report, that the' drawee had made away with his property. He then knew there was danger; and, yet, he postponed giving notice for fourteen days: — until the 24th‘ of March-. A holder ought to let the drawer of a bill know of its dishonor as soon as he' conveniently Can'. He need' not lay by every thing he has in hand, to do it immediately. But it is generally held, that-he must give notice the next day, or by the first post, when the parties live in different places-. We do’ not see how the' delay,- that occurred in this case, could be accounted for.But if it could, it has-not been; and without some explanation, it was undoubtedly unreasonable. The judgment-must be affirmed
 

 Per Chr-ia-m-.- Judgment affirmed*.-