# Chickering & Sons *v.* Bromberg.

*Action on Account or Verbal Contract.*

1. *Action on account or verbal contract.* — The first count as given in the form of complaint prescribed by the Revised Code for action *"on account* or verbal *contract,"* is so vague and indefinite that it would not be admissible as the statement of a cause of action if it had not been prescribed by law.

2. *Same ; for what recovery may be had under.* — Where the manufacturer agrees to take back a piano if defective, and the purchaser tenders it back for that reason, but retains it at the manufacturer's request until a new instrument can be sent on, and this is not done in a reasonable time, the purchaser may refuse to receive one if sent, and under this count may recover the amount of an account made up of items consisting of the price paid, and the expenses of boxing and insuring the piano while it remained awaiting shipment to the manufacturer.

APPEAL from City Court of Mobile.
Tried before Hon. C. F. MOULTON.
VOL LII.

[Chickering v. Bromberg.]

The point decided sufficiently appears from the opinion.

BOYLES & OVERALL, for appellant. — Appellant's brief did not come into Reporter's hands.

ALEX. McKINSTRY, contra. — The charge was not erroneous. 18 Ala. 264 ; 8 Ala. 567 ; 2 Ala. 749 ; 11 Ala. 345 ; 4 Ala. 208 ; 22 Ala. 409 ; 27 Ala. 574.

MANNING, J. — The complaint in this cause is in the form prescribed by the Code under the head of " *On an account or verbal contract*," — and begins as follows : " The plaintiff claims of the defendants $1,412$\frac{50}{100}$ dollars, due by account from them on the 29th day of May, A. D. 1871 ; " — then follow brief counts (as in that form) upon an account stated, and for money paid, and for work and labor done.

The first count, which is quoted in full, shows no consideration, and is so indefinite that it is difficult to understand what was or was not intended to be embraced by or proved under it. But for the fact that it is prescribed by the legislature, it would be wholly inadmissible as a statement of a cause of action ; and it seems probable that it was really intended to be introductory only to each of the several causes of action that follow it in parenthesis, and in which a consideration is set forth, instead of a complete count by itself. We incline to think that in the course of transcribing a portion of the first count, as originally prepared, was left out, and that the words quoted above were followed by these, — *for money had and received by defendant for the use of the plaintiff*, or words of the same effect. For we notice that while forms for all the other common counts in assumpsit are furnished, there is none for money had and received ; which in practice is, perhaps, the most useful of them all.

However, we have to take the count above set forth as a sufficient one, it being prescribed by the legislature ; and the question raised in this cause is, whether under these counts, or any of them, appellee, who was plaintiff below, was entitled to recover of appellants.

Plaintiff below introduced in evidence an account, in which, among other things, he charged defendants with the price he had paid to them for a piano, — and the freight, insurance, and other expenses, with interest thereon, — and testified that this account was correct. It was proved that the piano was defective in " not standing in tune," that is, as we suppose, that the wires, or sounding parts of the instrument, could not be kept in a proper state of tension.

There was evidence tending to show that defendants were

[Moore *v.* Randolph.]

bound thereupon to take it back; that it was offered back to them by plaintiff; and that assenting to take it back, they requested him to retain it, until they should get out some new instruments of the same sort, which they thought would stand in tune better than this, and of which they would send him one in lieu of that which he had.    There was evidence then tending to show that this instrument was boxed up and stored to be returned to defendants, and that after a year or more, they not having sent forward the new instrument, plaintiff declined to take one, if it should be sent, and demanded payment of the sums mentioned in the account, consisting of the costs and expenses and interest referred to; and for these he brought suit.

The court charged, amongst other things, that if this piano was defective when sold, and within a reasonable time after discovering this plaintiff offered to return it, and the defendants thereupon wrote to plaintiff to retain it as set forth, this would amount to a waiver of the immediate return of the piano, and would vest the title in it in defendants, leaving plaintiff bailee thereof for them; and that plaintiff would be entitled to recover of defendants the amount paid for it, and reasonable expenses, &c.; to which charge defendants excepted.

If we give any effect and scope at all to the first count prescribed by the legislature, — as we are bound to do, — we think the several items composing the account of plaintiff (below) against the defendants are provable under the complaint filed in this cause; and that there was no error in the charge excepted to.    The objection mainly relied on is, that upon the case made by the evidence, no recovery can be had in the action and under the form of complaint adopted by plaintiff; which objection is overruled.        The judgment is affirmed.