G. M. NEAL v. PENDER-HYMAN HARDWARE COMPANY.

(Decided March 1, 1898.)

*Contract—Breach   of   Contract—Damages—Principal and Agent.*

1. Where one violates his contract, he is liable for such damages as are caused by the breach and such as may reasonably be presumed to have been in the contemplation of the parties when the contract was made.

2. If an agent knows, or can by ordinary care ascertain, the purposes for which implements sold by him for his principal are used, his knowledge is the knowledge of his principal.

3. The manufacturer who makes and the agent who sells flues for curing tobacco in localities where tobacco is cultivated, must be presumed to know the proper season for cutting and curing tobacco and that, if it is not cut and cured in apt time, serious loss will result.

4. Where, in an action for damages, by a tobacco planter against a manufacturer of tobacco flues for breach of contract to deliver to plaintiff on July 1st, tobacco flues for curing plaintiff's crop, it appeared that the flues were not delivered at that date, and that the defendant wrote on the 15th of July and again on the 27th of July

that the flues would be shipped at once, but they were never shipped; *Held*, that plaintiff can recover for damages to his crop because, in consequence of waiting for the flues, the tobacco was not cut and cured in time and he had to use cast-off flues in bad condition.

CIVIL ACTION for damages for breach of contract, tried before *Timberlake, J.*, and a jury at June Term, 1897, of EDGECOMBE Superior Court, on appeal from the judgment of a Justice of the Peace. The facts are stated in the opinion. There was a verdict for $100, and from the judgment thereon the defendant appealed.

*Messrs. Battle & Thorne* for plaintiff.
*Mr. John L. Bridgers* for defendant (appellant).

FAIRCLOTH, C. J.: The defendant was engaged in manufacturing flues for curing tobacco raised by farmers, and by its agent, Taylor, contracted to deliver flues to the plaintiff at Whitakers, N. C., on July 1st, 1895, with bill of lading attached, no money to be paid till the flues were delivered. The flues were not delivered on July 1, but on July 15 the defendant wrote to the plaintiff: "Flues are ready for shipment. Send us $5 on the account and they will be sent at once." The plaintiff sent $5, and on July 27 received acknowledgement of the receipt of $5, with statement, "will ship at once." On August 2 the plaintiff wrote: "Please ship by first freight. If you cannot, return my money at once, so I can buy elsewhere"; and on August 5: "Please return my money to me at once. I want it so I can buy my flues at Rocky Mount. Don't fail to send by first mail." After some time the money was returned and the flues were never sent.

The plaintiff, and others who inspected the crop in the field, testified that unless tobacco was cured in time

it was always damaged, and that when the correspondence ceased the crop was then damaged by reason of delay in cutting and curing it.

The plaintiff testified that he tried to buy flues at Rocky Mount, and elsewhere, but could not do so; that the damage continued by delay, and that he borrowed some old cast-off flues in bad condition from a neighbor, and that his tobacco was injured by the use of such flues.

The defendant contends that the plaintiff has shown no case for special damages, inasmuch as they did not flow naturally from the breach of contract, and that he had failed to show that the defendant had knowledge that special damages would result from a failure to deliver the flues according to contract, and the defendant's exception is that his Honor refused to so charge the jury.

The Court charged that the plaintiff must prove, by preponderance of evidence, the contract, its breach, damage, the manner and amount of damage, and explained fully the measure of damages and submitted to the jury the evidence of the plaintiff's effort to get other flues after the breach, and his failure to do so.

The rule of damages has been stated thus: "Where one violates his contract he is liable for such damages as are caused by the breach, and such as may reasonably be presumed to have been in the contemplation of the parties at the time the contract was made." *Mace* v. *Ramsey,* 74 N. C., 11; *Rocky Mount Mills* v. *Railroad,* 119 N. C., 693, 702.

If the agent Taylor knew or could by ordinary care have known the purpose for which the flues were intended, his knowledge is the knowledge of his principal. *Hubbard* v. *Troy,* 24 N. C., 134; *Bank* v. *School Committee,* 118 N. C., 383.

We think it must be common knowledge in localities where tobacco is cultivated, that, if it is not cut and cured in apt time, serious loss is the necessary consequence, as well as the proper season for cutting and curing, and we must assume that this common knowledge was present with the agent and the defendant who was engaged in manufacturing the flues for such purposes.

We are of opinion that the charge of the Court in substance responded to the request of the defendant, and we see no error in it.

Affirmed.