ON APPLICATION FOR REHEARING
On original consideration of this appeal, we affirmed summarily on the authority of Caffey v. Alabama Machinery Supply Co., 19 Ala. App. 189, 96 So. 454 (1922). The original order of June 23, 1989, is withdrawn and the following opinion substituted therefor.
This is an appeal by defendant Long-Lewis, Inc., and its salesman, James Moore, from a final judgment entered upon a jury verdict in a fraud action in favor of the plaintiffs, Graham N. Webster and Dennis McDaniel, hereinafter referred to together as the plaintiffs. At this point, it should be noted that the defendants restrict their arguments on appeal to the question whether the damages awarded were excessive.
The facts are as follows. In May 1981, plaintiffs went to Long-Lewis to look for a truck to be used in their core[1] supply business. The plaintiffs had previously bought an 18-wheeler from James Moore and Long-Lewis in 1979. Because of the nature of the plaintiffs' business, it was imperative that the truck be able to withstand the rigors of interstate hauling. It is without dispute that Moore appreciated the plaintiffs' truck-buying prerequisites. Moore told them that he had a mid-sized truck with an 8.2 liter diesel engine that was ideal for their long-distance hauls.
In January 1982, while en route to Dallas, Texas, the truck broke down in Vicksburg, Mississippi. After discovering black water in the radiator, plaintiffs drove back to Birmingham and took the truck to a Detroit Diesel dealership. The head gasket had separated and exhaust gasses had entered the radiator, and this had turned the water black. The pistons were galled in the block, and the heads were cracked. Upon learning this, the plaintiffs went to see the service manager and the truck sales manager at Long-Lewis and asked them to replace the engine. The plaintiffs were told by Long-Lewis that there was nothing wrong with the engine.
Approximately six weeks later, the plaintiffs were told that the engine had been replaced. The plaintiffs, however, never returned to get the truck and never made another payment, and Ford Motor Credit Company, which had financed the purchase price, subsequently repossessed the truck. Without a mode of transportation, according to the plaintiffs, their business soon failed.
At the time the truck first broke down, the plaintiffs had an inventory of somewhere between $350,000 and $400,000 worth of cores. In an attempt to reduce their inventory, they rented trucks and, when available, borrowed trucks from friends and continued to make their long-distance hauls. Moreover, they offered a 15% discount to all customers who would pick up the cores at the plaintiffs' warehouse. Over $200,000 worth of cores were sold at the discount price, allowing customers a total savings of at least $30,000. Approximately $75,000 of inventory had not been sold when the plaintiffs went out of business.
Subsequently, the plaintiffs filed suit against Long-Lewis and James Moore. The court ruled that they were not entitled to punitive damages, and it charged the jury only on compensatory damages. The case was submitted to the jury on claims of reckless misrepresentation and mistaken misrepresentation, and the jury returned a verdict in favor of the plaintiffs for $30,000. Judgment was entered upon the verdict. The defendants filed a timely motion for JNOV, or, in the alternative, a motion for new trial based on a claim of excessive damages. After a hearing thereon, the trial court denied the motion. *Page 1027 
Long-Lewis and Moore assert on appeal that the plaintiffs failed to furnish proof from which the jury could determine the amount of damages, if any, to which the plaintiffs were entitled. The defendants argue that there was never any evidence presented as to what the plaintiffs' actual damages were and, therefore, that the jury's assessment of damages was based on pure speculation. We disagree.
A jury's finding of fact, where supported by the evidence, is presumed correct and will not be disturbed unless unequivocally unjust. This presumption of correctness is fortified when a motion for new trial is denied by the trial judge. Pate v.Sunset Funeral Home, 465 So.2d 347 (Ala. 1984).
The trial judge's order denying the defendants' motion for new trial read in pertinent part as follows:
 "The Defendants assert that the [$30,000] verdict is excessive, not supported by the evidence, and that the Plaintiffs failed to mitigate to the extent permitted by the evidence in the case.
 "The Plaintiffs, on the other hand, claimed damages of $81,000.00, asserting that as a result of the failure of the vehicle to perform as represented, Plaintiffs were unable to deliver their inventory and suffered damages as alleged.
 "The standard by which the Court must assess the verdict is whether there was evidence to support the verdict and whether the verdict was in accord with the principles of law given to the jury by the Court.
 "Among the fact questions tried, argued by the parties, and submitted to the jury were whether the damages suffered by the Plaintiffs were the natural and proximate consequence of the nonsuitability of the truck as alleged by Plaintiffs and whether Plaintiffs' efforts to mitigate and reduce losses were adequate.
 "While Plaintiffs claimed $81,000.00 and not $30,000.00, the evidence would permit the jury in evaluating the issues above as well as the other evidence in the case to find in favor of the Plaintiffs in an amount less than the amount claimed by the Plaintiffs, in the jury's evaluation of the weight of the evidence."
The trial judge's order is in line with Caffey v. AlabamaMachinery Supply Co., 19 Ala. App. 189, 193, 96 So. 454, 457
(1922), wherein it was stated:
 "If the fraud was committed, and is proven according to the rules of law, the plaintiff is entitled to recover such damage as will compensate him for the loss growing out of and being the proximate result of the fraud, and being within the contemplation of the parties at the time the representations were made."
With respect to the defendants' argument that the damages were not proven with enough precision, the following commentary at 25 C.J.S. Damages § 26(c), pages 678-683 (1966), is appropriate:
 "[T]he amount of damages must be established with reasonable certainty. However, reasonable certainty is sufficient to support an award of damages; and absolute certainty is not required. So it is sufficient if a reasonable basis of computation is afforded, even though the result is only approximate; what is required is that evidence of certainty as the nature of the particular case permits should be produced. Direct evidence as to the amount is not necessary in all cases.
 "Damages are not uncertain for the reason that the loss sustained is incapable of proof with the certainty of a mathematical demonstration, or is to some extent contingent and not capable of being accurately determined. It is not a sufficient reason for disallowing damages claimed that a party can state their amount only proximately; it is enough if from proximate estimates of witnesses a satisfactory conclusion can be reached. It if sufficient if there is 'such certainty as satisfies the mind of a prudent and impartial person.' "
Upon a careful consideration of the matter, we feel satisfied that the plaintiffs did set forth evidence of reasonable expenditures incurred and reasonable efforts at mitigation, which provided the jury a basis *Page 1028 
upon which their damages could be assessed.
We are clear, therefore, to the conclusion that the jury's verdict was supported by the evidence and that the defendants' motion for a new trial was properly denied.
APPLICATION GRANTED; ORIGINAL ORDER WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] Cores are rebuilt auto parts.