## MUNROE *vs.* PRITCHETT.

1. In an action on the case by the vendee against the vendor of land, to recover damages for falsely representing that the tract embraced a certain designated portion of good land, whereby the vendee was induced to make the purchase, it is not necessary to prove that the vendor knew that the representation was false at the time he made it.

Error to the Circuit Court of Talladega. Tried before the Hon. Thos. A. Walker.

RICE & MORGAN, for plaintiff.

WHITE & PARSONS, for defendant:

An action for deceit in a sale can only be sustained when an affirmation wilfully false, or some artifice is proved, or is to be presumed from the circumstances attending the transaction.—Emerson v. Brigham, 10 Mass. 197; Parkinson v. Lee, 2 East, 320; ib. 426. And an affirmance that a thing is so, without a knowledge on the part of him making it that it was not so, and without warranty, is not actionable—Chandler v. Lopus, 2 Croke 4; Law Lib. vol. 19, 62, and cases cited.

It is a principle of the common law that fraud without damage, or damage without fraud, gives no cause of action, but when these two concur, then action will lie—Sherwood v. Salmon, 5 Day, 439.

It does not appear what *knowledge* the plaintiff had, or that he acted upon the representations of the defendant in regard to the location, nor does it appear on the other hand that the defendant knew the location of the land. As to materiality of these facts, see Sandford v. Handy, 23 Wend. 260; S. India Rubber Co. v. Adams, 23 Pick. 265; Pickering v. Dowson, 11 Taunton, 775; 2 Bibb, 602. Upon the first point and the principal one in the cause, the court is refered to Comyn's Digest, vol. 1, 350, Action upon the case for a deceit (A. 8) ; Williamson v. Allison, 2 East, 446; Meyer v. Ererth, 4 Camp. 21; Suxas v. Woods, 2 Caines, 48; Cozzins v. Whitaker, 3 Stew. & Porter, 322; Prior v. McNairy, 1 S. 150; Burnett v. Stanton & Pollard, 2 Ala. 181.

CHILTON, J.—This was a special action on the case, brought by the plaintiff in error against the defendant, to recover for the injurious consequences of a false and fraudulent representation, made by the defendant to the plaintiff upon the sale of a tract of land. The declaration, or affirmation was, that a certain line of the tract proposed to be sold by the defendant to the plaintiff would embrace within it a certain quantity of good land, which was pointed out, *ubi revera,* it was not included in the tract, and the defendant at the time knew it; but on the contrary, the quantity was made up of sterile land of but little or no value. Plea, not guilty, and judgment upon the verdict for the defendant.

It appears by a bill of exceptions sealed at the trial, that the plaintiff having introduced proof tending to show that the allegations of his declaration were true, and the proof conflicting, as to whether the defendant, at the time he made the representations complained of, knew that they were false, the plaintiff asked the court to charge the jury, " that if they believed the evidence, and that the defendant had misrepresented the eastern line of said tract, and that said plaintiff had thereby been induced to make the purchase of the same, and had been injured by such misrepresentation, it was not incumbent on the plaintiff to prove that the defendant knew the falsity of his representation as to said eastern line when he made it." The court refused this charge, and in lieu thereof, instructed the jury, that although such representation had been

made, and was false, and the plaintiff thereby injured, yet unless he knew it was false at the time he made it, the plaintiff could not recover in this action.

The question presented by the above charge is, whether in an action on the case to recover damages for the injurious consequences of a false representation made by the vendor at the time of the sale, in a matter constituting a material inducement to the trade, it is necessary for the plaintiff to prove that the defendant knew the affirmation was false at the time he made the same.

The counsel for the defendant insists, that to sustain this action, the plaintiff must show something beyond the bare falsity of the affirmation upon which he may have acted in making the contract of purchase; that he should show the representation was knowingly false, or that some artifice, going to establish fraud or deception, was resorted to in order to effect the sale. In Morgan v. Patrick & Smith, 7 Ala. Rep. 187, it is said " wherever there is a deceit coupled with an injury, an action on the case will lie, (citing Pasley v. Freeman, 3 T. Rep. 31) and even where a warranty under seal was executed, it has been held by this court that an action may notwithstanding be maintained, upon the deceit—Cozzins v. Whitaker, 3 S. & P. 332." The court further say: "it is true, this was a case where the warranty and deceit were with respect to personal property; but the same rule is laid down as applicable to purchases of land—citing Cooper v. McLewry, Cooper, 308; 3 Coke on Litt. note, 381, a.; and is recognized in Cullum v. Br. Bank at Mobile, 4 Ala. Rep. 16." The same doctrine, as applicable to real estate, was held in Gordon v. Phillips, 13 Ala. Rep. 565—see also 13 Johns. Rep. 325; 2 Caines Rep. 193; 1 Day's Rep. 250. Mr. Saunders in the second vol. of his work on Pleadings and Evidence 527, says, " that in an action for falsely representing a third person fit to be trusted, a *scienter* must be alleged and proved; though indeed the word "fraudulently" might be a sufficient allegation in this respect, especially after verdict: Willes, 584. But in an action on the case for fraud, or misrepresentation of any kind, an express warranty or *scienter* need not be alleged, nor proved, if alleged." Mr. Chitty says that case or assumpsit may be supported on a false warranty for the sale of goods, but

recommends that assumpsit be brought in cases of breach of express or implied contracts of warranty, in order that a count for money had and received may be inserted in the declaration, so as to recover back the consideration paid. 1 Chitty's Pl. 137. " Case" says he "is necessarily the form of action for deceitfully representing a person as fit to be trusted, or other deceit, independently of and without relation to any contract between the parties, and for fraudulent representations, not introduced into a written contract between the parties, respecting the subject matter of the representations, case is the proper remedy, if any. In an action upon the case in *tort* for a breach of a warranty of goods, the *scienter* need not be laid in the declaration, nor if charged need it be proved," ib. In Bacon's Ab. tit. Act. on the Case E, it is said if there be a communication between A and B for the buying of certain sheep, and B, the vendor, says they are his own sheep, when in truth they are the sheep of another; whereupon A buys them of B, though B made not any express warranty of the sheep, yet an action upon the case in the nature of deceit lies against him. So also, where the vendor affirms that the goods belong to a stranger, his friend, and that he has authority to sell the same, in consequence of which B buys them, when in truth they are the goods of another; yet if he sold them fraudulently and falsely upon this pretence of authority, though he did not warrant them, and though it is not avered that he sold them, knowing them to be the goods of a stranger, yet B shall have an action upon the case for this deceit—1 Bacon's Ab. (by Bouvier) 112, citing Rolle's Ab. 91. Mr. Chitty, who acknowledges the extreme difficulty of laying down any general principle or elementary doctrine upon this subject, says that "fraud more clearly occurs where one person substantially misrepresents or conceals a material fact peculiarly within his own knowledge, in consequence of which a delusion exists, &c." but concedes that fraud in such cases depends upon the peculiar facts which have occurred, the relative situation of the parties and their means of information.—Chitty on Con. 223-4. In Adams v. Jarvis, 4 Bing. 66, Best, C. J., says "If a man buys the goods of another, from a person who has no authority to sell them, he is a wrong doer to the person whose goods he

Munroe v. Pritchett.

takes, yet he may recover compensation against the person who sold the goods to him, although the person who sold them did not know that he had no right to sell; this is proved by Medina v. Stoughton 1 Salk. 210; Saunders v. Powell, 1 Lev. 129; Grasse v. Gardner, Carth. 90; 1 Rolle's Ab. 91, and many other cases. These cases rest on this principle, that if a man having the possession of property which gives him the character of owner, affirms that he is owner, and thereby induces a man to buy, when in point of fact the affirmant is not the owner, he is liable to an action. It has been said that this is because there is a breach of contract to rest the action on, and that there is no contract in this case. This is not the true principle—it is this : *He who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages."* The concluding remark in the foregoing extract, which is italicised, we think is a very just and correct exposition of the rule of law. Nothing is more common than for courts of equity to set aside contracts for material misrepresentations, upon which the purchaser has relied to his detriment, and on which he had a right to repose, even though such misrepresentations were made through mistake, inadvertence, or ignorance. They are considered as constructively fraudulent, because their effect has been to impose upon and deceive the purchaser.—Story on Con. 107, and the numerous authorities collated in note 3. To constitute such misrepresentation a ground of fraud for avoiding the contract, or to entitle the injured party to his action, it must be, as we have said, in regard to a material fact, operating as an inducement to the purchase, and upon which the purchaser had a clear right to rely, and the party complaining must have actually been deceived thereby; and generally, such representation must not be mere matter of opinion, or in respect of facts equally open to the observation of both parties, and concerning which the purchaser, had he exercised ordinary prudence, could have attained correct knowledge. If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, *" volunti non fit injuria."*

There are several decisions of our own court bearing upon

the point under consideration.—See Rix v. Dillahunty, 8 Port.
Rep. 133; Bennett v. Staunton & Pollard, 2 Ala. Rep. 181;
Williams v. Cannon, 9 ib. 348; Juzan et al. v. Toulmin, ib.
662-684. In the case last cited, it is said, "That whether a
party misrepresenting a fact knew it to be false, or made the
assertion without any precise knowledge on the subject, is
immaterial; for the affirmation of what one does not know or
believe to be true is equally in morals and law as unjustifiable
as the affirmation of what is known to be positively false."
See also Camp v. Camp, 2 Ala. Rep. 722-636; Young v. Har-
ris, adm'r, ib. 108; Mahone v. Reeves, 11 Ala. Rep. 345.—
From our own decisions, I think the conclusion may be de-
duced, that although in an action on the case to recover for
the consequences resulting from a fraudulent misrepresenta-
tion of matter of fact, coming within the restrictions above
laid down, the plaintiff must show that such misrepresentations
were fraudulently made, yet it is not indispensable that the
party making them should at the time *have known* them to be
false. It is sufficient that he made them recklessly, not know-
ing them to be true, and for the purpose of influencing the
other party in making the purchase. The seller, who owns
the land, and who proposes selling it, must be presumed to
know more about the lines and what land is embraced within
the tract than the buyer. In this case, whether he did or did
not, he assumed to know the fact that certain good land,
which formed an inducement to the purchase, was included,
and he asserted this *as a fact*, upon which the purchaser relied
and might well rely in concluding the bargain. He thus in-
duces the purchase, upon his false statement of matter of fact,
and pockets the gains. Shall he, when sued, say, "I did not
*know* that I was telling an untruth"? It is sufficient that he
misrepresented the fact, and *did not care* that he did so,—in
other words, that he asserted as true, and as matter of knowl-
edge, that which was untrue, and which he either knew no-
thing about or knew to be untrue. Did the law allow the ac-
tion to punish the untruth, and not as a compensation to the
party injured by its consequences, then it would be proper to
make the action depend upon the *scienter;* but the action is for
the injury sustained by reason of the reckless, false assertion
of the vendor, which was calculated to deceive and did de-

ceive the purchaser—consequences which to him are precisely the same, whether the vendor knew or did not know, or care to know, that the assertion was false.

This view, we think, is fairly deducible from numerous adjudicated cases, harmonizes with reason and sound morality, and requires nothing on the part of the vendor but fair and open dealing. True, it is opposed to the case of Chandler v. Lopus, 2 Cro. Jac. 4, and some other of the earlier English authorities, but this case of Chandler has not generally been followed either in this country or in England. Indeed it is expressly denied as authority in Bradford v. Manly, 13 Mass. Rep. 143, and in the very learned opinion of Dorsey, J. in Osgood v. Lewis, 2 Har. & Gill, 495, which last opinion fully sustains the view we have taken.

Our conclusion is, that the charge which the court gave was clearly incorrect, as this made the right to recover dependent on the knowledge of the vendor that his affirmation was untrue.

It is unnecessary to examine the other points raised in the bill of exceptions, as they will not probably arise upon another trial.

Judgment reversed and cause remanded.