### ORLANDO W. COON & AL. *v.* GILMAN ATWELL.

An action will lie for a false and fraudulent affirmation in respect to the quantity of hay usually cut upon a farm which the defendant was about to sell to the plaintiff.

And also for the like affirmation as to the number of acres contained in such farm.

Such affirmations are not to be regarded as mere expressions of opinion, in which it was folly to confide; nor as representations, the truth of which the vendee might, with common prudence, ascertain.

In an action on the case for deceit such affirmations may be proved by parol evidence, although the conveyance was by deed.

THIS is an action on the case for deceit, by which the plaintiff was induced to purchase of the defendant a farm at a great price, by means of which he was defrauded.

There were three counts in the declaration, to all of which there was a demurrer and joinder.

In the first count the deceit alleged was the representation of the de-

fendant, that the farm cut seventy-five tons of hay a year, and that what hay was then on the farm was cut that year and was good seventy-five tons; whereas, in fact, the farm did not cut more than thirty-five tons a year, and the hay shown as cut that year was not all so cut, but a large quantity was cut the year before; all of which the defendant .well knew.

In the second count, the deceit alleged was in the representation that the farm contained two hundred and fifty acres of land, when in truth and in fact, it contained a much less quantity, to wit, one hundred and seventy-five acres, which the defendant well knew.

In respect to the third count, no opinion was given, it having been amended, and it is, therefore, unnecessary to state it. It is stated and assumed that the farm was conveyed by deed, and the price agreed upon, viz., $32.00, paid and secured by the plaintiff. The defendant also contended that parol evidence of the alleged representations was inadmissible.

*Blodget*, for defendant.

I. 1. The representation set forth in the first count, that the "farm cut seventy-five tons of hay a year," and that the hay in the barns and stacks was good seventy-five tons, we claim cannot be construed as a warranty, but merely as an intention to state the amount by way of opinion, which, however erroneous, does not furnish a cause of action.

2. All the representations set forth in said count were immaterial representations concerning the value of the thing sold, and the plaintiffs might, by the exercise of common prudence, have ascertained the truth. *Page* v. *Parker*, 43 N. H. 368.

3. It is not alleged in this count that the plaintiffs suffered any damage.

II. The allegations in the second count contradict the deed which shows that the number of acres was understood to be stated only as a matter of belief or opinion. "The aforesaid premises *are supposed* to contain two hundred and twenty acres, be the same more or less."

A verbal warranty, not supported by the deed and which contradicts it, cannot be sustained. It was the folly of the plaintiffs to trust to such a warranty.

III. It is submitted that the third count is not maintainable, because,

1. It shows that the wrong complained of was a contract or representation respecting the sale of real estate, and therefore, under the statute of frauds, not actionable unless in writing; and,

2. The plaintiffs are estopped by the deed from showing that the defendant ever agreed to convey any such lots of land.

*Murray*, for plaintiff.

I. The first count in plaintiffs' writ is correct in form. See 2 Chitty's

Pleadings, 688. The false representations were that the farm cut seventy-five tons of hay a year, and that all the hay that was in the barns and stacks was cut that year; both assertions were false, and the defendant *knew* that they were false, for which we think an action lies. See *Elkins* v. *Tresham*, 1 Levinz 102; *Wardell* v. *Fosdick*, 13 Johns. 326; *Monell et al.* v. *Colden*, 13 Johns. 395; *Whitney* v. *Allen*, 1 Comstock 305; *Bostwick* v. *Lewis*, 1 Day 250; Sugden on Vendors, vol. 1, p. 273, 275, secs. 22 and 28; Bacon's Abridg., Actions on the Case, E.; *Dobell* v. *Stevens*, 3 B. & C. 623; Com. Digest, Actions upon the Case for Deceit, A. 8; also *Page* v. *Parker*, 40 N. H. 47.

II. As to the second count, see form given in 2 Chitty's Pleadings, 687, for same cause; that an action lies, see *Pettigrew* v. *Chellis*, 41 N. H. 99; and the fact that Mr. Chitty gives such a form, is, we think, good authority that such an action will lie.

III. The third count, we think, is good in form and substance; *Harlow* v. *Green*, 34 Vt. 381; *Sanford* v. *Handy*, 23 Wend. 260; 2 Hilliard on Torts, 286; therefore we submit that all three of the counts are good in form and substance, and that the representations were such as would be likely to impose upon men of ordinary prudence and caution, and on which they might properly and judiciously rely. The parties had not equal knowledge, and assertions made by the defendant were not matters of opinion or judgment, but were stated as facts, and the case cited in *Hoitt* v. *Holcomb*, 32 N. H. 204, and *Tryon* v. *Whitmarsh*, 1 Met. 1, are not like the assertions alleged in these counts.

IV. The evidence offered by plaintiff was competent. *Sanford* v. *Handy*, 23 Wend. 260.

BELLOWS, J. In support of the demurrer the defendant urges that the representations set forth are merely expressions of opinion, not amounting to a warranty, and also immaterial, and with common prudence, the truth might have been ascertained.

The foundation of the action, however, is not a warranty, but the fraud and deceit of the defendant; and we think that if in making sale of the farm he fraudulently represented that it cut seventy-five tons of hay a year, when he knew it did not, and the plaintiffs were thereby deceived and induced to buy the farm, and so were injured, the action may be maintained; nor do we think it a case where it was folly or negligence in the plaintiffs to confide in such representations.

It is not at all like the mere expression of an opinion as to value, but is a statement of a fact that in general would be peculiarly within the knowledge of the vendor; and to hold that it would be folly to confide in it, would greatly tend to impair all further fair dealing.

The case of *Knox* v. *Bartlett*, in Rockingham county, not long since, was of this character, and although severely contested, no exception of this kind was made.

We are, also, of the opinion that the second count discloses a good cause of action, it being a misrepresentation of the quantity of land.

The fact that the deed contained no warranty on these points is not material, for, as said before, the gist of the action is deceit, and not breach of contract.

In each of these counts there is alleged a false affirmation, known by the defendant to be false, and in relation to a material matter, and by which the plaintiffs were deceived and injured, and in such a case an action lies. Com. Dig. Action upon the Case for a Deceit, A. 8, where it is laid down that if a man sold land affirming the rent to be so much when it is not, an action lies, for the rent is certain, and lies within his own knowledge. So is *Risney* v. *Selby*, 1 Salk. 211; 2 Ld. Raym. 1118. So if he sold land, affirming that he had a good title when he knew he had no title. Com. Dig., Ibid. See, also, *Pasley* v. *Freeman*, 3 T. R. 51, for the general principles which govern this action. The case of *Dobell* v. *Stevens*, 3 B. & C. 623, is much in point as to the alleged representations in respect to the quantity of hay produced. There the vendor of a public house, pending the treaty, falsely represented the amount of porter and spirits sold by the month, and also the rate at which the taps and certain rooms were rented, and it was held that case for deceit would lie. See, also, 2 Smith's Leading Cases, 55; notes to *Pasley* v. *Freeman;* and also *Page* v. *Parker*, 40 N. H. 47. In *Monell & al.* v. *Colden*, 13 Johns. 395, it was held that case would lie against a vendor of land, for representing falsely that a certain privilege was annexed to it, though it was not stated in the deed. It may be observed, also, that a form similar to the first and second counts is given in 2 Ch. Pl. 687. See, also, *Munroe* v. *Pritchett*, 16 Ala. 785; 13 U. S. Dig. 168, sec. 2; *Whitney* v. *Allaire*, 1 Comstock 306; *Clark* v. *Baird*, 7 Barb. S. Ct. Rep. 65; *Bostwick* v. *Lewis*, 1 Day's Rep. 250; and *Sanford* v. *Handy*, 23 Wend. 260.

As to the first and second counts, we are of the opinion that the demurrer was properly overruled; and we are also of the opinion, that, in this form of action, parol evidence of the false affirmations is admissible.

*Case discharged.*