The defendant, Mobile Dodge, Inc., appeals from a judgment on a jury verdict finding it liable for intentional fraud and from the denial of its motion for new trial. We affirm conditionally.
The plaintiff, Patricia Waters, filed suit against Mobile Dodge in the Circuit Court of Mobile County claiming that she was intentionally defrauded by Mobile Dodge when it sold her a 1977 Dodge Van and misrepresented it as a 1978 model. *Page 27 
The 1977 van arrived at Mobile Dodge from the Chrysler plant on February 2, 1978, along with three 1978 vans. The stockboy in charge of logging in the vans mistakenly listed the van as a 1978 model on the sticker. He testified that there is little or no difference in the appearance of 1977 and 1978 vans and he admitted making the mistake. He testified that he placed the erroneous sticker on the van himself. The salesman who sold Mrs. Waters the van testified that he relied on the sticker in selling the van and admitted that he told Mrs. Waters that it was a 1978 van since he believed that it was a 1978. The salesman filled out the buyer's order form and odometer form, both of which show the van to be a 1978 model. Based upon those forms, the insurance binder also shows the van to be a 1978 model. The written warranties and the emission control information, however, reveal the van to be a 1977. Also, the manufacturer's certificate of origin shows the van to be a 1977. The finance manager in the office of Mobile Dodge uses the manufacturer's certificate of origin when filling in the bill of sale, the application for title (which was signed by Mrs. Waters) and other papers. These papers, then, correctly show the van to be a 1977. In addition, the motor vehicle registration and tax receipt from the License Commissioner of Mobile County reflect that the van was a 1977 model, since that office uses the information from the application for title.
Mrs. Waters did not discover the problem until a month and a half after she purchased the van when she received the certificate of title in the mail. It correctly showed the van to be a 1977. She contacted Mobile Dodge and an agent for the corporation offered to swap her 1977 van for a 1978 van of the same specifications. Mrs. Waters filed suit later that month. She sought compensatory and punitive damages. The jury returned a verdict for Mrs. Waters for $17,700.00. After its motions for judgment notwithstanding the verdict or, in the alternative, a new trial were denied, Mobile Dodge appealed.
Mobile Dodge contends that the evidence is not supportive of any verdict and judgment against it or, in the alternative, that the evidence presented to the jury cannot support an award of punitive damages. We agree with the contention as it relates to punitive damages.
Initially, we note that a jury's verdict is presumed to be correct, and will not be set aside as excessive, unless the amount is so great as to plainly indicate that it was the result of passion, bias, prejudice or improper motive. CecilCrews Chevrolet-Oldsmobile, Inc. v. Williams, Ala.,394 So.2d 912, 915 (1981). This presumption, as to the correctness of jury verdicts, is strengthened when the trial judge refuses to grant a motion for new trial. S.S. Kresge Co. v. Ruby, Ala.,348 So.2d 484, 488 (1977). An appellate court will, however, revise a jury's verdict or judge's findings if it is "convinced by a preponderance of the evidence that the verdict is wrong and unjust." Palmer v. Palmer, Ala., 390 So.2d 1050, 1052
(1980).
To reverse a trial court, then, an appellate court must be convinced that the verdict and judgment are contrary to the preponderance of credible evidence and are, therefore, palpably wrong and manifestly unjust.
 I. INTENTIONAL FRAUD
The jury, by finding Mobile Dodge liable for intentional fraud, must have found that there was a misrepresentation of a material fact made willfully to deceive and that Mrs. Waters relied upon that fact to her detriment. Code of 1975, §6-5-101. The record clearly reflects that whether the van in question was a 1977 or 1978 model was a material fact and that Mrs. Waters purchased the van believing it to be a 1978 model. The jury resolved the factual dispute of whether the misrepresentation was intentional in favor of Mrs. Waters and we will not disturb that finding. As a result, Mrs. Waters is entitled to recover the difference in value between a 1977 and a 1978 van. *Page 28 
 II. PUNITIVE DAMAGES
The jury awarded $17,700.00 to Mrs. Waters. According to the evidence the difference in the average retail price between a 1977 van and a 1978 van is approximately $1,000.00. Thus, a substantial portion of the award encompasses punitive damages.
Three essential elements must be found in order to support an award of punitive damages. The first two elements are the same as those comprising intentional fraud; namely, a material misrepresentation made knowingly and falsely and reliance thereon by the injured party. The third element, which is the crucial and dispositive one regarding this appeal, is that the fraud must be gross, malicious, oppressive and committed with the intent to injure. Huntsville Dodge, Inc. v. Furnas, Ala.Civ.App., 361 So.2d 585, 589 (1978); Proctor Agency, Inc.v. Anderson, Ala., 358 So.2d 164, 165 (1978).
Although there may be enough evidence in any given case to find fraud, as legally defined, that finding is not sufficient, in and of itself, to support an assessment of punitive damages against the offending party. To uphold the verdict against a motion for new trial the evidence, and the inferences which may be drawn therefrom, must show that the fraud was gross, oppressive or aggravated. Randell v. Banzhoff, Ala.,375 So.2d 445, 448 (1979). This rule has been followed by our courts in numerous cases involving misrepresentations in the sale of motor vehicles. See, e.g., Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970); Harrelson v. Gowin, Ala.Civ.App.,348 So.2d 789 (1979); Shafer Chevrolet v. Hires, Ala.Civ.App.,347 So.2d 1358 (1975). In each of these cases the plaintiff was allowed to recover only actual damages for the misrepresentation made in the sale of the automobile. Punitive damages were not allowed, for there was no showing that the misrepresentation was gross, malicious, oppressive and made with the intent to deceive.
The determination of whether the misrepresentation is malicious so as to authorize the award of punitive damages is dependent upon the facts of the particular case. A comparison of the facts in this case with those in Cecil CrewsChevrolet-Oldsmobile, Inc. v. Williams, Ala., 394 So.2d 912
(1981), helps to illustrate the degree of fraud necessary to warrant punitive damages. In Crews, the jury awarded $30,000.00 in compensatory and punitive damages to a plaintiff who was sold a six cylinder automobile which she believed to be an eight cylinder. The verdict in that case was held not to be excessive. The evidence supporting a finding of intentional fraud and an authorization for awarding punitive damages, however, was stronger in Crews than the evidence presented in the instant case. The plaintiff in Crews had repeatedly requested an eight cylinder car. After telling the plaintiff that the car in question was an eight cylinder, the dealer himself typed the number "8" in the space on the application for title for the number of cylinders. That active misrepresentation by the dealer at the time of the sale clearly indicated gross and malicious fraud with an intent to deceive. In the case at bar, however, it was the stockboy, not the dealer who made the initial incorrect listing of the van. And although the jury could have inferred fraud from the acts which followed, there is not evidence of any malice involved at the time of the sale. Thus, without such malice or oppressiveness, an award of punitive damages was not warranted.
The evidence in this case supports an award of compensatory damages only. We, therefore, require a remittitur of $16,700.00 of the damages as a condition to an affirmance of the order denying defendant's motion for a new trial. In the event the appellee declines to file the required remittitur with the clerk of this Court within twenty-one days from the date of this opinion, the judgment will be reversed and the cause remanded for a new trial. Otherwise the judgment as corrected on remittitur will be affirmed.
AFFIRMED CONDITIONALLY.
MADDOX and SHORES, JJ., concur.
TORBERT, C.J., and JONES, J., concur specially. *Page 29