TORBERT, Chief Justice
(dissenting).
The majority per curiam opinion states that this Court granted certiorari to the Court of Civil Appeals “in order to clarify this state’s law as it applies to actions for fraud and deceit.” I dissent for the reason that it is my view that the facts in evidence, viewed with all reasonable inferences in favor of the jury award of punitive damages for the plaintiff, simply are insufficient to sustain an award of exemplary damages in this case. More important, however, is my concern that the law with respect to this important issue is yet to be clarified by a clear majority of this Court, and I write to focus attention on our decisions relating to this legal issue. As the court of last resort of this state, it is our obligation to develop clear principles of law to guide our trial courts in properly charging juries and to inform the bar who advise their clients, our citizens, of their respective rights and obligations in their dealings with each other.
This Court’s difficulty in pronouncing the law in cases involving the review of jury verdicts awarding punitive damages is apparent in its recent cases. In Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981), Justice Beatty, writing for the Court, sustained a jury verdict finding intentional fraud, i.e., “a misrepresentation of a material fact made willfully to deceive,” 404 So.2d at 27, but required a remittitur of the punitive damages on the basis that the necessary element “that the fraud must be gross, malicious, oppressive and committed with the intent to injure,” 404 So.2d at 28, was not sustained by the evidence. In my special concurring opinion, I attempted to raise the legal issue as to whether a finding of “intentional” fraud alone could justify in law punitive damages. My analysis of the controlling opinion in that case seemed to be that a fraud could be committed “knowingly” but without grossness, maliciousness, or oppressiveness or intent to injure and defraud. However, Justice Jones, also concurring specially, laid emphasis upon “whether the alleged culpable conduct [of a tort-feasor] measures up to the statutory requisite element of ‘intent to deceive,’ ” 404 So.2d at 30, and he said that “[c]onduct which rises to the level of affording a cause of action under [Code 1975] § 6-5-103 necessarily rises to the level of conduct authorizing punitive damages.” Justice Jones concluded:
“The instant case falls short of one authorizing punitive damages, not because the intent to deceive is unaccompanied by gross and oppressive conduct, but because of the absence of another essential statutory element — ‘a knowledge of the falsehood.’ Although a fact is misrepresented, it will not support an action for willful deceit unless made with knowledge of its falsity; and such knowledge, as statutorily defined, must be coupled with an intent to deceive.”
404 So.2d at 30 (emphasis added except on the word intent).
*416 Our most recent decision, Big Three Motors, Inc. v. Smith, 412 So.2d 1222 (Ala.1982), on writ of certiorari to the Court of Civil Appeals, reversed the holding of the majority of that court which had disallowed punitive damages. In reversing the Court of Civil Appeals, this principle of law was set forth:
“[I]f the misrepresentation is shown to have been made knowing that it is false, then the law permits punitive damages by way of punishment.”
412 So.2d at 1224.
In that opinion, authored by Justice Shores, it was stated that this principle was recognized as early as 1849 in the case of Munroe v. Pritchett, 16 Ala. 785. However, from the quoted portion of that early opinion, it was not clear to me that the 1849 Court was speaking to the issue of exemplary or punitive damages. However, it is recognized that eight Justices concurred in Big Three Motors, Inc. v. Smith, with this writer concurring in the result. In Big Three Motors emphasis was added to the following portion of the 1849 decision:
“Did the law allow the action to punish the untruth, and not as a compensation to the party injured by its consequences, then it would be proper to make the action depend upon the scienter; but the action is for the injury sustained by reason of the reckless, false assertion of the vendor, which was calculated to deceive and did deceive the purchaser — consequences which to him are precisely the same, whether the vendor knew or did not know, or care to know, that the assertion was false.”
16 Ala. 790-791.
The majority in the instant case on appeal again reverses the decision of the majority of the Court of Civil Appeals, on the authority of Big Three Motors, and again Justice Jones, concurring specially, consistent with his earlier expressions, writes that the “the gravamen of a punitive award claim pursuant to § 6-5-103 is the intent to deceive.” See also, Big Three Motors, Inc. v. Smith, 412 So.2d at 1222.
In his special concurring opinion in this case, Justice Jones cites International Resorts, Inc. v. Lambert, 350 So.2d 391 (Ala.1977), for the proposition that “deceit . .. as contemplated by § 6-5-103 is an intentional tort which .. . will support an award of punitive damages.” I do not read the majority opinion in Lambert that way, although the Court sustained the award of punitive damages.
The imposition of punitive damages in cases involving fraud and deceit is not specifically provided for by statute, but we have engrafted into our statutes by case law the circumstances of conduct that would authorize the imposition of such damages.
“[As with other intentional torts,] misconduct on the part of defendant’s employee, with knowledge of the situation, [can be] such a willful wrong, committed in such reckless disregard of the necessarily injurious consequences to the plaintiff, as [to] authorize the jury to punish the defendant therefor by the imposition of exemplary damages....
“The true theory of exemplary damages is that of punishment, involving the ideas of retribution for willful misconduct, and an example to deter from its repetition.”
Alabama Great Southern Railroad Co. v. Sellers, 93 Ala. 9, 14-15, 9 So. 375 (1890).
Fraud and deceit developed as did other intentional torts in which the culpable conduct of the defendant authorizes the award of punitive damages. This development can be seen in Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454 (1922), wherein the Court of Appeals stated:
“Unless the jury could conclude from the evidence that the fraud was malicious, oppressive, or gross, the representations being made with a knowledge of their falseness (or so recklessly made as to amount to the same thing), and with the purpose of injuring the plaintiff, there could be no recovery of punitive damages. In this case, so far as the record discloses, there is no element or evidence justifying *417 a verdict for punitive damages. If the fraud was committed, and is proven according to the rules of law, the plaintiff is entitled to recover such damage as will compensate him for the loss growing out of and being the proximate result of the fraud, and being within the contemplation of the parties at the time the representations were made.”
19 Ala.App. at 193, 96 So. at 457.
This test for the imposition of punitive damages in cases of fraud and deceit was adopted by this Court in Southern Building & Loan Association v. Dinsmore, 225 Ala. 550, 144 So. 21 (1932), wherein this Court opined: “Punitive damages are recoverable in actions of this character where defendant is guilty of gross fraud (27 Corpus Juris, 104), defined in Caffey v. Alabama Machinery & Supply Co., 19 Ala.App. 189, 96 So. 454, 457.... ” Therefore, the conduct of the defendant controls the imposition of punitive damages. The factors involved are the nature of the wrong committed and the quality of the wrong committed. See, J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443 (1967). There can be no award of punitive damages by simply proving the elements of fraud and deceit.
The rule is and always has been “that punitive damages may not be recovered in such an action (deceit) unless the fraud is gross, malicious, oppressive and is committed with an intention to so injure and defraud.” Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24 (1961).
In Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970), the following statement was made by this Court: “If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly.” 285 Ala. at 504, 234 So.2d at 42. The majority seems to equate this statement with the proving of the basic elements of fraud which must be established before any damage may be awarded by the jury. An examination of Hall Motor Co., however, reveals that this statement by the Court was in response to an argument by the defendant that since the plaintiff did not allege that the representations were made with an “intent to deceive,” punitive damages could not be awarded. 285 Ala. at 503, 234 So.2d at 41. In response to that argument, this Court stated:
“If the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly. This being so, punitive damages could be recovered under Count 5, even though it be considered as framed under Section 108 [§ 6-5-101], if the count properly averred, and the evidence established that the material misrepresentation was made knowingly and falsely, was relied on by the injured party, and the fraud was gross, malicious, oppressive, and committed with an intent to injure.”
This Court went on to say that “[i]f a fraud is not perpetrated grossly, maliciously, oppressively, and with an intent to deceive, the damages to be recovered are such as will compensate for actual damages received.” [1] 285 Ala. at 504, 234 So.2d at 42.
This Court has consistently followed “the gross, malicious or oppressive conduct with an intent to deceive and injure” test. See, Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981); Cecil Crews Chevrolet-Oldsmobile, Inc. v. Williams, 394 So.2d 912 (Ala.1981); Winn-Dixie Montgomery, Inc. v. Henderson, 395 So.2d 475 (Ala.1981); Shiloh Construction Co. v. Mercury Const. Corp., 392 So.2d 809 (Ala.1980); Spartan Pools v. Royal, 386 So.2d 421 (Ala.1980); Randell v. Banzhoff, 375 So.2d 445 (Ala.1979); Proctor Agency, Inc. v. Anderson, 358 So.2d 164 (Ala.1978); United States Fidelity & Guaranty Co. v. McKinnon, 356 So.2d 600 (Ala.1978); State Farm Mutual Automobile Insurance Co. v. Ling, 348 So.2d 472 (Ala.1977); Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976); Mid-State Homes Inc. v. Johnson, 294 Ala. 59, 311 So.2d 312 (1975); Loch Ridge Construction Co. v. Barra, 291 Ala. 312, 280 *418 So.2d 745 (1973); Ringer v. First National Bank of Stevenson, 291 Ala. 364, 281 So.2d 261 (1973); J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443 (1967); Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24 (1961); Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909 (1954).
I do agree with Justice Jones’s characterization of that part of the legal criteria authorizing punitive damages as stated in his special concurrence that “[t]he degree and extent of the tortfeasor’s culpable conduct — its gravity and enormity — ,” are the factors for the factfinder to consider, but I am compelled to submit that the gravity and enormity of the culpable conduct must be measured by a standard such that the factfinder could reasonably conclude that the fraud or deceit “was gross, malicious, oppressive and committed with intent to injure and defraud.”
In summary, it is my concern that if we now omit the elements of grossness, oppressiveness, and maliciousness from the legal criteria and standards which measure and control our review of an award of punitive damages, our case law will be further obfuscated to both bench and bar.
Applying the principles which have been historically and consistently applied in our cases, it is appropriate to consider the evidence in this case. The important facts in evidence are in large measure undisputed.
The appellee, Debbie Lewis, purchased from appellant, Treadwell Ford, Inc., a Ford van, serial number F70EVE15097. Treadwell sold the van to Lewis as a 1972 model for $3,979.50. Lewis found out later that the van was a 1969 model. Representatives of Treadwell stated they were not aware the van was a 1969 model, as Tread-well had previously purchased the van from a leasing company as a trade-in and the leasing company had represented to Tread-well that the van was a 1972 model. It is undisputed that a 1969 Ford van and a 1972 Ford van are identical in every way except for two digits in their respective serial numbers. The. only way that Treadwell could have known the difference between the two models was by examining the parts book in which the serial number identifies the particular model. Treadwell claims that it relied on the representations by the leasing company that the van was a 1972 model and did not check the parts book.
Lewis filed suit against Treadwell in a three-count complaint. Count one alleged willful misrepresentations, count two alleged reckless misrepresentations, and count three alleged that the misrepresentations were made by mistake. The case was presented to a jury. Treadwell’s motion for directed verdict was granted as to count one. The jury found for Lewis and against Treadwell under count two of the complaint (recklessly without knowledge) and assessed damages at $10,000.00.
Treadwell filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. While a remittitur, in the sum of $8,100.00, was originally ordered, it was later set aside.
The Court of Civil Appeals reversed and remanded, stating that “[t]he record is devoid of any evidence which shows Treadwell acted so heedlessly or so recklessly as to authorize the award of punitive damages.” The Court of Civil Appeals based its conclusion on the following rule of law: “In order for the jury to award punitive damages in this case, there must have been evidence from which it could have been concluded that the fraud was malicious, oppressive or gross and the statements were made recklessly without regard to their truth and without caring or knowing if they were true.” The majority opinion by this Court reverses the Court of Civil Appeals, relying on Big Three Motors, Inc. v. Smith, 412 So.2d 1222 (Ala.1982). The majority thus decides that punitive damages were warranted under the facts in this case. I do not believe the facts in this case warrant punitive damages.
Since the jury awarded damages under count two of Lewis’s complaint, this appeal deals specifically with that count, which reads as follows:
“COUNT TWO
“1. On or about the 4th day of August, 1977, Defendant or an agent of De *419 fendant and Plaintiffs were negotiating concerning the purchase by Plaintiffs from Defendant or an agent of the Defendant of the following described property:
“One (1) 1972 Ford Vann, Model F700
Serial Number F70EVE15097
“2. At that time Defendant or an agent of the Defendant represented to the Plaintiffs that said van was a 1972 Model.
“3. The representations made by Defendant or an agent of the Defendant were false and Defendant or Defendant’s agent, without knowledge of the true facts, recklessly misrepresented them in that said van was in fact a 1969 Model.
“4. Plaintiffs believed those representations and in reliance upon them purchased the property.
“WHEREFORE, Plaintiffs demand judgment against Defendants for damages in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), interest and costs.”
Thus, the specific issue presented for resolution revolves around Code 1975, §§ 6-5-101 and -103, and the awarding of punitive damages under these Code sections for reckless misrepresentations. The relevant portions of §§ 6-5-101 and -103 are: § 6-5-101, “Misrepresentations of a material fact made ... recklessly without knowledge ... constitute legal fraud,” and § 6-5-103, “In all cases of deceit, knowledge of a falsehood constitutes an essential element. A ... reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.”
We are dealing with a jury award based upon the allegation that Treadwell recklessly made representations that were false and made them without knowledge of the facts. Both § -101 and § -103 deal with reckless conduct in fraud actions. Section -101 provides that either misrepresentations made willfully to deceive, or recklessly without knowledge constitutes legal fraud. See, Code 1975, § 6-5-101. Section -103 provides a standard that equates certain reckless representations with knowledge by simply adding the phrase “if intended to deceive.” Under my view of the law, it is not controlling that the proof measured up to the standards in §-103, as Justice Jones seems to hold; but, to restate my view, it is whether the fraudulent conduct is so culpable and its gravity and enormity is such that the factfinder could conclude under the facts in evidence that the fraud was “gross, malicious, oppressive and committed with intent to injure and defraud.” It is indeed curious that while count one alleged willful misrepresentation and the trial court granted a motion for a directed verdict as to that count, yet the majority now sustains a jury award for punitive damages under the reckless count. It is obvious to me that this must be inconsistent, particularly since that kind of reckless misconduct must be such that it is equivalent to knowledge of a willful fraud.
Additionally, I must comment that nowhere in count two is it alleged that the reckless conduct was made with intent to deceive as required by § -103. Under ARCP, Rule 9(b), we permit a general averment of malice, intent, knowledge, and condition of mind, yet we do not have even a general averment here.
Even leaving the above problems aside, since the jury returned a verdict for reckless misrepresentation, we must be concerned with whether sufficient evidence was presented to the jury to warrant the award of punitive damages to the plaintiff for the reckless misrepresentation by Treadwell. The facts in this case are parallel to the facts in Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981), and in my opinion Waters controls. Both cases involve the actions of employees as they relate to the question of whether there was evidence from which a jury could reasonably infer that the defendant’s conduct was malicious, oppressive or gross and committed with intent to injure and defraud. While it was within the province of the jury to determine that the failure of Treadwell to verify the model of the van accepted as a *420 trade-in was reckless, it is my view that the evidence was not sufficient to show such culpable conduct as would amount to gross, malicious or oppressive fraud with intent to injure plaintiff.
The awarding of punitive damages is within the discretion of the jury. However, when an appellate court is convinced “that the verdict and judgment are contrary to the preponderance of credible evidence and are, therefore, palpably wrong and manifestly unjust,” it will revise or reverse the lower court’s findings. Mobile Dodge, Inc. v. Waters, 404 So.2d at 27.
The majority by reversing on the authority of Big Three Motors, Inc. v. Smith, relies on a set of facts totally different from the facts in this case. In Big Three Motors Big Three represented that it owned the car when it knew that it did not own the car. It represented that it had good title when, in fact, the car was encumbered by a prior lien. While this conduct could be properly interpreted by a jury as gross, malicious, oppressive conduct made with an intent to deceive, thus justifying punitive damages, the same cannot be said of the conduct by Treadwell Ford. Granted, the plaintiff is entitled to recover compensatory damages for the misrepresentation by Treadwell Ford, but the question is whether the reckless misrepresentation by Treadwell was gross, malicious or oppressive and accompanied by an intent to injure the plaintiff. I do not believe Treadwell’s conduct was of such a nature or quality that a jury could reasonably find it to be gross, malicious or oppressive, accompanied by an intent to injure. A 1972 van and a 1969 van are identical; only an examination of serial numbers reveals the difference. There was no reason for Treadwell to believe that the leasing company would misrepresent a model year when trading the van in for another vehicle. There was no showing of willful concealment by Treadwell of the actual model year of the van; as a matter of fact, the trial judge granted Treadwell’s motion for directed verdict on the willful misrepresentation count. There was no showing of any policy adopted, officially or unofficially, by Treadwell to avoid verifying the model year of trade-ins. Admittedly, Treadwell did neglect to check the serial number, having no reason to do so in the ordinary course of its business. This was determined by the jury to be reckless behavior. This behavior, however, does not warrant punitive damages.
There is no dispute that the plaintiff suffered damages because of the reckless misrepresentation by Treadwell. These damages amount to $1,900.00 and an award in that amount should be sustained. We should order a remittitur of the damages in the amount of $8,100.

. This Court in Hall Motor Co. did not allow the recovery of punitive damages. The Court did not believe that the evidence was sufficient to warrant punitive damages.