ALMON, Justice.
This is a fraud case. The defendant appeals, alleging that the jury applied improper measures of damages in awarding both compensatory and punitive damages.
Joe Johnson bought a ¾⅛ ton pickup truck from Alexander Ford, Inc. Alexander Ford does not challenge the jury verdict of liability, which depends on a finding of fact that a salesman for Alexander Ford represented to Johnson that the truck was a ¾ ton truck. The evidence indicated that Johnson wanted to replace his ½ ton truck with a ¾ ton truck because he owned a camper top which required the bigger truck, and he testified that he made this clear to the salesman.
The jury awarded Johnson $14,258.18 actual damages and $4,750.00 punitive damages. Alexander Ford protested in its motion for new trial or remittitur that the jury reached the actual damages figure by adding the trade-in value of the truck Johnson previously owned ($1500), the remainder of the purchase price ($9,192.28), the finance charge for the loan of this amount ($3,448.70), and the insurance premium ($117.12). The motion argued that Johnson’s actual damages did not equal this amount because the payoff on the loan at the time the motion was filed was less than the full payoff over the term of the loan.
Alexander Ford makes the same argument here, and adds that the insurance premium provided six months’ coverage and Johnson only kept the truck two weeks or less. It cites Earle, McMillan & Niemeyer, Inc. v. Dekle, 418 So.2d 97 (Ala.1982); Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981); Cecil Crews Chevrolet-Oldsmobile, Inc. v. Williams, 394 So.2d 912 (Ala. 1981), for the proposition that Johnson’s damages should be the difference in value between the lh ton truck and a ¾ ton truck. Alexander Ford appears to concede that the jury could have found that the Vz ton truck was valueless to Johnson and award *793 ed him the entire purchase price, but not the interest on the loan.
Johnson responds by citing Mid-State Homes, Inc. v. Johnson, 294 Ala. 59, 311 So.2d-312 (1975), for the rule that he could recover in fraud such damages as were either the necessary or natural and proximate consequences of the fraud. Johnson paid the loan installments through the time of trial and avers that he has kept payments current to this date. He returned the truck shortly after he discovered the misrepresentation and since that time has been without the use of either it or the truck he previously owned. The denial of Alexander Ford’s post-trial motion came fourteen months after Johnson purchased the truck, and it has now been two years. Regardless of whether he prepays the loan when he receives the judgment award, his damages suffered as a proximate consequence of the fraud are certainly sufficient to support the jury’s award and the trial court’s denial of the motion for new trial or remittitur.
Alexander Ford concedes in its reply brief that “it seems clear that punitive damages are awardable in the Alexander Ford case — but only for a proper purpose.” It argues that because the punitive damages are almost precisely ¾⅞ of the actual damages, the jury awarded punitive damages in an attempt to award attorney’s fees. We find no reversible error here. The amount of punitive damages is in the discretion of the jury. Cecil Crews Chevrolet-Oldsmobile, Inc. v. Williams 394 So.2d 912 (Ala.1981); Neil Huffman Volkswagen Corp. v. Ridolphi, 378 So.2d 700 (Ala.1979). No abuse of that discretion appears in this case.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.