Consistent with my dissenting opinion in Ex parte Lewis,416 So.2d 410, at 415 (Ala. 1982), I must respectfully dissent in this case. The law as to punitive damages for deceit and fraud is far from being well settled in this state; as my dissent inEx parte Lewis outlined, this Court has set forth several standards for the awarding of punitive damages and continues to mystify the bench and bar by failing to adopt one clear standard that properly takes into account the purpose and gravity of punitive damage awards. The standard "that if the evidence establishes an intent to deceive or defraud, then punitive damages are recoverable" defeats the purpose of punitive damages, which are intended to punish and deter gross, malicious, or oppressive conduct that is coupled with an intent to deceive or defraud. Simply proving an intent to deceive or defraud is not enough to warrant the extraordinary award of punitive damages. This Court has long followed "the gross, malicious or oppressive conduct with an intent to deceive or defraud" test. See, Gulf Shores, Ltd. v. Powrzanos,442 So.2d 71 (Ala. 1983); Mobile Dodge, Inc. v. Waters, 404 So.2d 26
(Ala. 1981); Cecil Crews Chevrolet-Oldsmobile, Inc. v.Williams, 394 So.2d 912 (Ala. 1981); Spartan Pools v. Royal,386 So.2d 421 (Ala. 1980); Randell v. Banzhoff, 375 So.2d 445
(Ala. 1979); Proctor Agency, Inc. v. Anderson, 358 So.2d 164
(Ala. 1978); United States Fidelity Guaranty Co. v. McKinnon,356 So.2d 600 (Ala. 1978); Old Southern Life Insurance Co. v.Woodall, 295 Ala. 235, 326 So.2d 726 (1976); Ringer v. FirstNational Bank of Stevenson, 291 Ala. 364, 281 So.2d 261 (1973);Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24
(1961); Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909 (1954);Southern Building Loan Association v. Bryant, 225 Ala. 527,144 So. 367 (1932). The Court should not now abandon by implication such a longstanding test for punitive damages, especially without an in-depth analysis of the purposes behind, and the needs for, punitive damages.
The majority opinion states that its "intent to deceive or defraud" test was set forth in Munroe v. Pritchett, 16 Ala. 785
(1849), "where this Court held that punitive damages are justified if a misrepresentation *Page 841 
is made by one knowing that it is false." This is an incorrect statement of Munroe, for in that case punitive damages were never mentioned; the Court talked only of "damages."16 Ala. at 789. In addition, this Court has interpreted the language inMunroe as applying to compensatory damages. As the Court stated in Gibson v. Marquis, 29 Ala. 668, 673 (1857):
 "[T]he defendant was entitled to recover, at law, damages which the law was capable of measuring accurately by a pecuniary standard. Munroe v. Pritchett . . . is an authority that an action could have been maintained at law for the misrepresentations alleged in the two special pleas, and the law prescribes the measure of damages in such cases. . . . The measure of damages, in such case, would be the difference between the value of the tract of land as it actually was, and its value if it had been as represented."
Also, in Crown v. Carriger, 66 Ala. 590, 593 (1880), this Court expressed the measure of damages as "the seller shall make the representation good, Munroe v. Pritchett. . . ." Munroe does not stand for the test that the majority sets forth in this case. In my opinion, the acts of American Honda do not amount to "gross, malicious or oppressive" conduct.
I question another aspect of the majority opinion. The opinion states that the seller has no right to cure a defect after revocation of acceptance under § 7-2-608 (1)(b). I do not believe that this apparent question of first impression can be disposed of by merely noting that § 7-2-608 (1)(b), unlike §7-2-608 (1)(a), does not mention the right to cure. Generally, when a buyer rejects the goods of a seller, the seller has a right to cure the defect giving rise to rejection. Code 1975, §7-2-605. (See also the comments to this section). Revocation of acceptance can be viewed as a delayed rejection, which would give rise to the same right of the seller to cure certain defects. Indeed, we have recognized that a right to cure exists when revocation of acceptance occurs under § 7-2-608 (1)(a);Dickson v. U-J Chevrolet Company, Inc., 454 So.2d 964 (Ala. 1984); Gigandet v. Third National Bank of Nashville, Tenn.,333 So.2d 557 (Ala. 1976). There appears to be a split of opinion, nationwide, as to whether the right to cure also exists under §7-2-608 (1)(b). 4 R. Anderson, Uniform Commercial Code § 2-608: 14 15 (3d ed. 1983). Since the overall policy of the Uniform Commercial Code is to allow transactions to take place and, generally, to allow the seller to cure defects causing rejection, it is my opinion that we need to give this issue more consideration.