This is a fraud case arising from the sale of a used 1978 Chevrolet Corvette. Brenda Turner, plaintiff, brings this appeal from a summary judgment for defendant, Larry Savage Chevrolet, Inc. The only issue is *Page 1338 
whether Turner reasonably relied on the statement by Larry Savage Chevrolet that the car had not been wrecked.
On June 5, 1984, Brenda Turner met with Mike McKee, a salesman for Larry Savage Chevrolet, about purchasing a used Corvette. McKee informed her of a black 1978 model that was being repaired at the time and would be available for sale soon. Several days later Turner returned to Larry Savage Chevrolet to inspect the car. She talked to Randy Griffith, another salesman, about the condition of the car. He told her that the car had not been wrecked. Because she was interested in the car, Turner drove it to Corvettes Unlimited, a local shop specializing in Corvette repair. She had regularly dealt with Corvettes Unlimited in the past, and brought the car in for inspection and approval. Terry Labbe, a mechanic at Corvettes Unlimited and one of its owners, told Turner that the car had been wrecked but that the extent of damage could not be ascertained because of a new paint job. He advised her either not to buy this particular car or, if she did, to first ascertain the extent of damage. She returned the car to Larry Savage Chevrolet and negotiated a purchase price for the car. Although skeptical about the car's condition, Turner bought the car without inquiring further about the extent or cause of damage. About five months after the sale, the car was involved in an accident, and that accident revealed the existence of substantial body damage that had been repaired prior to the sale.
"Because it is the policy of courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, the right of reliance comes with a concomitant duty on the part of plaintiffs to exercise some measure of precaution to safeguard their interests."Torres v. State Farm Fire Casualty Co.,438 So.2d 757, 758 (Ala. 1983). In order for Turner to recover for fraud, she must show that she reasonably relied on the salesman's statement that the car had not been wrecked. Turner testified that she relied on the opinion of Mr. Labbe at Corvettes Unlimited in buying the car. Labbe specialized in Corvettes, and Turner explained that she had dealt with Labbe regularly in the past and had relied on his judgment. Labbe testified that he advised against buying the car at the dealer's price because of damage on the left side and because of the car's overall mechanical condition. Turner admitted to being informed by Labbe of the existing damage to the car. She testified that she was skeptical about the car after getting Labbe's opinion and she was not sure if she wanted to buy it.
In light of these facts, we cannot see how Ms. Turner's alleged reliance on the dealer's assertion could have been reasonable. "If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, 'volunti non fit injuria.' " Munroe v. Pritchett,16 Ala. 785, 789 (1849); Torres, 438 So.2d at 759. Although the facts must be viewed in a light most favorable to Ms. Turner for purposes of summary judgment, we agree with the trial court that there is no genuine issue of material fact and that Larry Savage Chevrolet was entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.
AFFIRMED.
MADDOX, BEATTY, ADAMS and HOUSTON, JJ., concur.