RUSSELL, Judge.
This is an appeal from a ruling granting a directed verdict in favor of First American Homes, Inc. (First American) on a claim for punitive damages in a fraud case.
Sherron Farmer brought an action for fraud against First American, alleging false representation as to the year of manufacture of a mobile home which she had purchased from First American and demanding judgment for both compensatory and punitive damages. The trial court granted a directed verdict in favor of First American on the issue of punitive damages, and the jury then granted $2,200 compensatory damages to Farmer. Farmer appeals. We affirm.
The dispositive issue is whether the trial court was correct in granting a directed verdict in favor of First American on the issue of punitive damages.
We note at the outset that “[a] finding of legal fraud or constructive fraud ... is not sufficient to support an award of exemplary or punitive damages. Punitive damages may be awarded only if the evidence establishes .an intent to deceive or defraud.” Alabama Farm Bureau Mutual Casualty Insurance Co. v. Griffin, 493 So.2d 1379, 1384 (Ala.1986).
“[I]f the misrepresentation is shown to have been made knowing that it is false, then the law permits punitive damages by way of punishment. Without knowledge of its falseness, the law allows only compensatory damages (Ala. Code 1975, § 6-5-101), unless the misrepresentation is made so recklessly and heedlessly as to amount to the same thing as knowledge of its falseness.”
Ex parte Smith, 412 So.2d 1222, 1224-25 (Ala.1982).
The testimony in the instant case reveals the following: (1) that the mobile home was purchased by Farmer at $2,600 less than the appraised value set by her expert witness; (2) that Farmer understood that the First American salesman was unsure of the year of manufacture of the mobile home, but agreed that it was “a good buy regardless”; and (3) that, when the salesman was unable to leave another sales lot to get the serial number himself, a serviceman employed by First American mistakenly obtained a serial number from the wrong mobile home, which resulted in the 1978 mobile home being labeled as a 1982 mobile home.
Farmer contends that this case is analogous to Ex parte Lewis, 416 So.2d 410 (Ala.1982). In Lewis, the defendant, Tread-well Ford, Inc., had received a 1969 Ford van which was represented to be a 1972 model by the leasing company that traded the van to Treadwell. It appeared that 1969 and 1972 models of Ford vans were identical in appearance. Although Tread-well had a book in its parts department in which it could have checked the serial number and authenticated the year of the van, it relied on the representation of the leasing company. The supreme court upheld *1341 an award of punitive damages based on Smith, 412 So.2d 1222, apparently finding that there was a reckless and heedless misrepresentation.
We find the present case distinguishable from Lewis and analogous to Mobile Dodge, Inc. v. Waters, 404 So.2d 26 (Ala.1981). In Waters, a stockboy at Mobile Dodge logged in four Dodge vans as 1978 models, whereas one van was actually a 1977 model. The court stated that “it was the stockboy, not the dealer, who made the initial incorrect listing of the van. And although the jury could have inferred fraud from the acts which followed, there is no evidence of any malice involved at the time of the sale. Thus, without such malice or oppressiveness, an award of punitive damages was not warranted.” Waters, 404 So.2d at 28.
Based on the above, we find that there was no evidence of intent to deceive or defraud, of knowledge, or of malice which would have allowed the jury to award punitive damages and that the trial court’s action in issuing a directed verdict in favor of First American was proper.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.